IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:07-672-JFA |
|---|---|---|
| v. | ) | ORDER |
| COREY McKENZIE DAVIS | ) | |

Upon motion of the defendant under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

IT IS ORDERED that the motion (ECF No. 167) is DENIED. The defendant's guideline range is unaffected by Amendment 750. The amount of crack cocaine for which defendant was held responsible (3.79 kilograms) produces the same base offense level under Amendment 750 as it did when the defendant was originally sentenced. Therefore, as Amendment 750 did not lower defendant's guideline range, it does not apply.[1]

IT IS SO ORDERED.

January 17, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[1] The defendant's guideline range at sentencing, based on a total offense level of 35 [36 + 2 (firearm) = 38 – 3 (acceptance) = 35] and a criminal history category of I was 168 to 210 months. The court sentenced the defendant to 168 months.